IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 2 2016

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

JERRY ROBERSON AND
ERMA ROBERSON, Individually
and as Husband and Wife                                                  PLAINTIFFS

VS                          NO. 4:16CV077-JM

UNITED STATES OF AMERICA                                                  DEFENDANT

**COMPLAINT**   This case assigned to District Judge __Moody__
                and to Magistrate Judge __Kearney__

Come now the plaintiffs, Jerry Roberson and Erma Roberson, individually and as husband and wife, by and through their attorney, Callis L. Childs, P.A. and for their Complaint against the United States of America, state as follows:

### I. THE PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Jerry Roberson and Erma Roberson, were at all times pertinent hereto residents of Bee Branch, Arkansas, which is located within the Eastern District of Arkansas.

2. Defendant, United States of America, (hereinafter "defendant USA") by and through its several departments, at all times pertinent hereto, has owned, operated, managed, staffed, controlled, and acted through the United States Department of Veteran Affairs, which provides health care to veterans at John L. McClellan Memorial Veterans Hospital of Little Rock, Arkansas (hereinafter "VAMC Little Rock").

3. The VAMC Little Rock is located within the Eastern District of Arkansas.

4. The United States Department of Veteran Affairs is a Federal agency as defined under the Federal Tort Claim Act (hereinafter "FTCA"), 28 U.S.C. Section 2671, et seq.

5. Pursuant to the FTCA, defendant USA, is liable in tort for the acts and omissions of its employees, agents and servants who provide services at the VAMC Little Rock.

6. Plaintiff, Jerry Roberson, is a retired veteran of the United States Army, and was and is entitled to receive medical care and treatment at Department of Veterans Affairs (hereinafter "DVA"), medical facilities, including VAMC Little Rock.

7. VAMC Little Rock, through its agents, servants and employees, had a duty to use ordinary care to determine the mental and physical condition of plaintiff, Jerry Roberson, and to furnish him the care and attention reasonably required by his mental and physical condition. (AMI 1504)

8. VAMC Little Rock provided negligent medical care and treatment to plaintiff, Jerry Roberson, which negligence was its failure to provide physicians who possessed and applied, with reasonable care, the degree of skill and learning ordinarily possessed and used by members of their profession in good standing in the same type of service or specialty in the locality in which they practice. (AMI 1501)

9. The acts and omissions which give rise to this action occurred in Little Rock, Arkansas, which lies within the Eastern District of Arkansas.

10. The plaintiffs reside in Bee Branch, AR, which lies within the Eastern District of Arkansas.

11. Therefore, venue is proper pursuant to 28. U.S.C Section 1402(b).

12. Pursuant to the FTCA, 28 U.S.C. Section 1346(b)(1) and the FTCA, this Court has jurisdiction in this matter.

13. On or about July 22, 2015, plaintiff, Jerry and Erma Roberson, made and provided a Claim For Damage, Injury, Or Death in writing to the defendant, USA, through it's agency, the (hereinafter "DVA"), Office of the Regional Counsel, 2200 Fort Roots Drive, North Little Rock, AR 72114, through attorney Callis L. Childs, P.A.

14. A copy of the Claim For Damage, Injury, Or Death is attached hereto as "Exhibit 1" and is incorporated herein by reference.

15. Pursuant thereto, plaintiffs gave timely written notice of plaintiffs' Administrative Tort Claim to the defendant, USA, within two (2) years after the claim arose as required by 28 U.S.C. Section 2401.

16. The DVA acknowledged receipt of the Claim For Damage, Injury, Or Death by the plaintiffs by letter dated August 17, 2015. A copy of the DVA's letter is attached hereto as "Exhibit 2" and is incorporated herein by reference.

17. More than six (6) months, which is allowed to the DVA to make a decision, has passed with no decision.

## II. THE CLAIMS

Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 through 17 above, and further alleges as follows:

18. At all times material to this action, the individuals whose conduct is at issue were agents and employees of defendant USA and were acting within the course and scope of their employment.

19. Plaintiff, Jerry Roberson, served in the United States Army from January 9, 1967 through August 31, 1969 and when discharged, he was a Sergeant E5.

20. Jerry Roberson had a right L4-5 lumbar laminectomy at VAMC on February 20, 2014,

21. The physician for the surgery on February 20, 2014 was Dr. Shaukat Hayat.

22. A MRI L-spine was done on April 23, 2014 and revealed:

> "Large right central / subarticular inferiorly directed disc extrusion. The disc fragment measures 0.9 x 1.6 in transverse dimensions with inferior extension halfway down the L5 vertebral body (1.6 c,). Round 0.6 cm synovial cyst projecting into the canal at the same level."

23. This is clearly a case of medical negligence, which resulted in Jerry Roberson having constant, extreme pain, multiple diagnostic procedures, corrective surgery and a future stimulator implant. In addition, Mr. Roberson, at times, does not have complete control of his bowels and has intermittent numbness and paralysis in his legs and feet.

24. Dr. Shaukat Hayat fell well below the standard of care on February 20, 2014 when he left "trash" in Jerry Roberson's back.

25. Plaintiff was entitled to medical care and treatment from the DVA pursuant to Title 38 CFR as a retired veteran of the United States Army.

26. As a retired United States Army veteran, he sought medical care and treatment at the VAMC Little Rock.

4

## COUNT ONE:  NEGLIGENCE OF DEFENDANT

27. Plaintiff adopts and incorporates by reference the allegations of paragraphs 1-24 above and further alleges:

28. Dr. Hayat, acting through VAMC Little Rock as an agent and employee, failed to possess and apply with reasonable care and learning ordinarily possessed and used by members in his specialty in good standing engaged in the same specialty and locality of Pulaski County or in a similar locality.

29. The VAMC Little Rock through it's agents and employees, including Dr. Hayat, were negligent and it's acts consisted of the following among other things:

    a. Contaminating the surgery site; and

    b. Leaving a bone fragment in the spinal canal after the surgery.

30. Defendant, USA, by and through it's agents and employees, failed to possess and apply with reasonable care and learning ordinarily possessed and used by members in Dr. Hayat' specialty in good standing engaged in the same specialty and locality of Pulaski County or in a similar locality.

31. As a direct and proximate result of the negligent care and treatment rendered by the defendant, USA, through it's agents and employees, including Dr. Hayat, plaintiff has suffered permanent injuries to his health, including but not limited to physical and psychological pain, need for assistance with a wheelchair, has suffered past and future damages including but not limited to pain and suffering, mental anguish,

physical disability, debilitation, impairment, disfigurement, decreased survival, loss of sex drive or function, loss of earning capacity, and loss of enjoyment of life.

32. The extent of said damages will be fully shown at the time of trial and are in an amount not to exceed that which is contained in the Claim for Damages, Injury or Death of $10,000,000. See Exhibit 1.

33. As a further proximate result of the tortious conduct of the USA, plaintiff has incurred expenses for medical treatment and related expenses and will continue to incur such expenses for treatment and related needs throughout his lifetime.

34. The full amount of said damages for medical and related expenses will be fully shown at the time of trial.

35. As a further direct and proximate result of the tortious conduct of USA, the plaintiff has incurred past and future lost earnings and lost earning capacity.

36. The full amount of said special damages for lost earnings and for loss of earning capacity will be fully shown at trial.

37. USA directly and/or through it's agents, servants and employees negligently failed to possess and exercise that degree of skill, care and learning expected and ordinarily possessed and exercised by reasonably prudent physicians, nurses, attendants, assistants, consultants, and other health care providers practicing in Little Roc, Arkansas and/or in the same or a similar locality.

38. The acts and omissions of USA, through its employees, agents and servants at VAMC Little Rock, directly and proximately caused injuries to the plaintiff.

39. USA is vicariously liable for negligence of the physicians and other health care professionals who were negligent in providing substandard medical care and

treatment to plaintiff during the period January 2014 through the present as set out herein.

40. Plaintiff certifies that the medical care rendered by the USA has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Federal Rules of Evidence and is willing to testify that the care provider by USA did not comply with applicable standards of care.

## COUNT TWO: INSTITUTIONAL NEGLIGENCE

41. Plaintiff adopts and incorporates by reference the allegations of paragraphs 1 through 38 above and further alleges as follows:

42. At all times relevant, USA and its agents and employees had a non-delegable duty to provide timely and appropriate medical care to all patients, including the plaintiff.

43. At all times relevant, USA had a duty to use reasonable care in the hiring, supervision, training and retention of agents and employees who provided medical care and treatment to patients.

44. At all times relevant, USA had a continuing duty to investigate the competence of its agents and employees and the policies and procedures under which they operated for the provision of medical care and treatment and to take appropriate remedial measures where warranted.

45. At all times relevant USA had a duty to supervise it's agents and employees to ensure that policies and procedures were being implemented in accordance with acceptable standards of care.

46. As a direct and proximate result of this negligence of USA and its agents and employees, plaintiff has sustained permanent severe physical injuries, requiring extensive ongoing medical care and treatment and has suffered severe physical and mental pain and suffering, loss of enjoyment of life, reduced life expectancy, loss of income, reduced earnings capacity, permanent disability and other losses and is entitled to compensation in the amount delineated in the Claim for Damage, Injury or Death of $10,000,000. See Exhibit 1.

## COUNT THREE: LOSS OF CONSORTIUM

47. Plaintiff, Jerry Roberson and his wife, Plaintiff, Erma Roberson, adopt and incorporate by reference the allegations of paragraphs 1 through 46 above and further allege as follows

48. Plaintiff, Erma Roberson, as wife and help mate of plaintiff, is entitled to and should recover the following damages:

    a. Loss of consortium, services, comfort, society, companionship and nurture.

    b. Mental and physical pain and anguish, disability, impairment and loss of quality and enjoyment of life.

    c. Pecuniary losses, including the value of her aid and attendance to plaintiff.

    d. Such other damages as the Court deems appropriate.

## PRAYER

WHEREFORE, the plaintiffs, Jerry Roberson and Erma Roberson, pray that this Court enter judgment against the defendant, United States of America, in an amount of

$10,000,000 for Jerry Roberson and $1,000,000 for Erma Roberson with interest and costs of this action, and for any and all other relief this Court deems just and reasonable.

Jury trial is demanded.

Respectfully submitted,

*/s/ Callis L. Childs*

Callis L. Childs, P.A. (Bar No. 80026)
Attorney at Law
243 Hwy. 64 East
Conway, AR 72032
(501) 327-1700
(501) 327-6066 - fax
cchilds@tcworks.net

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1 Submit to Appropriate Federal Agency | 2. Name, address of claimant, and claimant's personal representative if any (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
|  | Jerry & Erma Roberson P.O. Box 172, Bee Branch, AR 72013 Rep. Callis L. Childs, 243 Hwy 64 East Conway, AR 72032 |

| 3 TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A M OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☑ CIVILIAN | 9/23/49 | married | 2/20/14 |  |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary):

Dr. Shaukat Hayat, a surgeon at McClellan Hospital, left debris in the surgery site which proximately caused a second surgery at UAMS. At this time, Mr. Roberson is being considered for an internally placed TENS type of unit. Erma Roberson seeks damages for loss of services, society, companionship and marriage relationship of her husband. Mrs. Roberson seeks all damages provided by law.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED (See instructions on reverse side)
NA

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Mr. Roberson had debris left in his surgery site on 2/20/14 when Dr. Shaukat Hayat did surgery. This caused a second surgery at UAMS but Mr. Roberson is still in constant pain and he is being considered for placement of an internal type TENS unit. Mrs. Roberson still suffers from loss of consortium.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| At this time Jerry and Erma Roberson | P.O. Box 172, Bee Branch, AR 72013 |
| Dr. Shaukat Hayat | unknown |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| NA | Jerry $10,000,000.00 Erma $1,000,000.00 | NA | Jerry $10,000,000.00 Erma $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b PHONE NUMBER OF PERSON SIGNING FORM | 14 DATE OF SIGNATURE |
|---|---|---|
| Jerry Roberson / Erma Roberson | 501-654-2733 | 7/22/15 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED
28 CFR

EXHIBIT 1

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☑ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

The Robersons have 3 motor vehicles which are insured with Farm Bureau. HOWEVER, this is a medical malpractice claim and NOT a wreck claim.

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☑ No  **17. If deductible, state amount**

Not a wreck

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts)**

Not a wreck

**19. Do you carry public liability and property damage insurance?** ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☑ No

Not a wreck

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U S C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority.* The requested information is solicited pursuant to one or more of the following: 5 U S C. 301, 28 U S C 501 et seq., 28 U S C. 2671 et seq., 28 C.F R Part 14

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention. Paperwork Reduction Staff, Civil Division, U S Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.



**Department of Veterans Affairs**
**Office of Regional Counsel**
3322 West End Avenue, Suite 509
Nashville, Tennessee 37203
Telephone 615-695-4633
Fax 615-695-4634

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>
August 7, 2015

In Reply Refer To: GCL 12077
Direct Line: 615-695-4628

Callis L. Childs, Esquire
243 Highway 64 East
Conway, Arkansas 72032

Re: Administrative Tort Claims of Jerry and Erma Roberson

Dear Mr. Childs:

We acknowledge receipt of the above-captioned claims which were received by our office on July 29, 2015. Under federal law, the Department of Veterans Affairs (VA) has <u>six months</u> from receipt of a claim during which time no lawsuit may be filed on the claim. VA will attempt to reach a decision during that period. If VA is unable to render a determination within six months, you may elect to file suit in federal district court or you may continue to await an agency decision. Once our investigation is completed, we will advise you of our decision in writing.

Please note that Federal Tort Claims Act (FTCA) claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or law suit. VA legal staff handling FTCA claims work for the federal government, and cannot provide advice regarding the impact of state laws or state filing requirements. The attorney assigned to investigate this claim is **Gayle Sipes**. If you have any questions, you may contact our office at 615-695-4628.

It is important that your authority to act as the duly authorized agent or legal representative in this matter is established. 28 C.F.R. 14.2(a). Please provide proof of same; if you do not, the referenced claim(s) may be rejected or denied solely on that basis.

This office will obtain all VA records related to this administrative tort claim. Information from non-VA sources is important in evaluating the claim. Pursuant to 28 C.F.R. §14.4, we request that you provide the information requested below. Your cooperation in providing this additional information is appreciated.

## We ask that you provide the following:

a. A signed <u>Release of Information form</u> (enclosed). Provide the names of any physicians or <u>non-VA facilities</u> where your client was treated for any condition related to the incident stated in your claim. This information will assist us in the investigation of your claim. Please have your client sign and date the form.

Tracking Entered Date ___ By ___

**EXHIBIT 2**